CAROLINE ZIEGLER, PLAINTIFF-RESPONDENT, v. ADOLPH BONINE, DEFENDANT-APPELLANT.

Decided November 24, 1926.

**Negligence—Pedestrian Injured by Motor Vehicle—Evidence to Show That Pedestrian was Carefully Crossing Street on Stormy Night and was Struck by a Car Whose Driver Had Ample Opportunity to Observe Her Situation—Held, That the Question of Contributory Negligence was One For the Jury.**

On rule to show cause, Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the defendant-appellant, *Tiffany, Brugler & Wittreich.*

For the plaintiff-respondent, *Hirschberg & Rubenstein.*

PER CURIAM.

The case was tried before the court and jury, and a verdict was rendered for the plaintiff. To reach their verdict under the testimony, the jury evidently concluded that the plaintiff, about nine-thirty o'clock upon a stormy and snowy night, stood on the southeast corner of Bergenline avenue and Twenty-fourth street, in West New York, awaiting an opportunity to cross the street, which is generally a busy

thoroughfare; that she looked in both directions along the avenue, and observing no vehicles approaching, attempted to cross to the southwest corner; that while engaged in that effort, and after a trolley car had passed and before she reached the nearest car track, she was struck by a motor car driven and owned by defendant, which was proceeding in a general easterly direction along Twenty-fourth street. The woman, apparently, was standing or walking in or near the centre of the street, and was confronted with a snow storm and a dangerous crossing, upon a busy thoroughfare, at a late hour of the night, engaged in a careful effort to cross the street, when the defendant, who had ample opportunity, apparently, to observe her situation, collided with her. Under such circumstances the question of negligence and contributory negligence must be solved by the jury, and neither a nonsuit nor a direction would have been legally justified. *Nepodensky* v. *West Jersey Railway Co.*, 85 *N. J. L.* 336; *Daly* v. *Case*, 88 *Id.* 295.

The rule to show cause will be discharged.